UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────

RAMON ANTONIO PEREZ a/k/a PEDRO DE          **No. 1:13-CR-00001 (MAT)**
ORBE,                                        **No. 1:15-CV-00311 (MAT)**

                                  Movant,    **DECISION AND ORDER**

        -vs-

UNITED STATES OF AMERICA,

                              Respondent.

─────────────────────────────

## I.    Introduction

Proceeding *pro se*, movant Ramon Antonio Perez ("Perez" or "movant"), a federal prisoner, moves this Court to vacate his sentence pursuant to 28 U.S.C. § 2255. Doc. 44. Movant is incarcerated pursuant to a judgment, entered December 24, 2014, convicting him of re-entry of a removed alien subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). For the reasons discussed below, Perez's motion is denied.

## II.   Background

On July 17, 2014, Perez pled guilty pursuant to a plea agreement. The agreement included a standard waiver of collateral attack rights, under which Perez "knowingly waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence." Doc. 31 at 8. Subsection III of the

plea agreement stated the parties' understanding that Perez's aggregate sentencing range would be a term of imprisonment of 46 to 57 months, a fine of $7,500 to $75,000, and a one to three-year period of supervised release.

At the plea proceeding, Perez testified that he understood his plea agreement included a waiver of appeal and collateral attack. The prosecutor explained at the plea that the collateral attack waiver would apply even "in the event that in the future, he [became] aware of a previously unknown fact or a change in the law which he believe[d] would justify a decrease in his sentence." Doc. 51 at 14. Perez also testified that had discussed the plea agreement with his attorney and he understood the consequences of the plea. On December 1, 2014, the Court (Arcara, J.) sentenced Perez to 48 months with a three-year term of post-release supervision. Perez filed the instant motion on April 3, 2015, arguing that trial counsel was ineffective.

## III. Discussion

Initially, the Court finds that Perez's waiver of collateral attack was entered knowingly and voluntarily. See United States v. Roque, 421 F.3d 118, 122 (2d Cir. 2005) (finding that waiver was knowing and voluntary where there was "no evidence [in the] record to suggest that [defendant] was ignorant of his legal and constitutional rights in their then-present state"). Petitioner's waiver precludes his claim of ineffective assistance, because the claim does not involve "the process by which the waiver has been

procured, here, the plea agreement." <u>Frederick v. Warden, Lewisburg Corr. Facility</u>, 308 F.3d 192, 195 (2d Cir. 2002), <u>cert. denied</u>, 537 U.S. 1146 (2003); see also <u>Summers v. United States</u>, 2014 WL 4829207, *4 (W.D.N.Y. Sept. 29, 2014) (finding that valid collateral attack waiver applied to grounds arising both before and after plea agreement) (citing <u>Garcia-Santos v. United States</u>, 273 F.3d 506, 509 (2d Cir. 2001)).

In any event, Perez's ineffective assistance claim – that counsel was ineffective for failure to file a "fast track" motion -  is meritless. At the time relevant to this case, the United States Attorney's Office's fast track policy provided that eligible defendants could receive a benefit of a motion by the government (not binding upon the Court) for either a two-level or four-level downward departure from the applicable Guidelines range if, among other things, (1) the defendant agreed to plead guilty to illegal re-entry within 30 days of being taken into custody on that charge, and (2) the defendant was not disqualified by his criminal history or other factors. As relevant to this case, a defendant was disqualified from fast track consideration if his criminal history included prior felony convictions of drug trafficking; he had two or more previous deportations; and/or where the defendant had one or more prior convictions of illegal re-entry pursuant to § 8 U.S.C. § 1326.

As respondent points out, several disqualifiers applied to Perez and barred him from consideration for the fast track program.

First, Perez did not plead guilty until nearly 18 months after being taken custody on that charge. Second, Perez's plea agreement secured him the right to request a downward departure from his recommended sentencing range. Third, Perez had a prior drug trafficking conviction, a prior conviction of illegal re-entry in violation of 8 U.S.C. §§ 1326(a) and (b), and two previous deportations. Therefore, any request by Perez's counsel for a fast track departure would have been meritless. Counsel cannot, of course, be faulted for failing to make a meritless motion. See DeMedeiros v. United States, 2016 WL 7187521, *2 (W.D.N.Y. Dec. 12, 2016) (finding that counsel's failure to make a meritless motion for fast track consideration did not constitute ineffective assistance). Accordingly, Perez's motion is denied.

## III. Conclusion

Perez's motion to vacate and correct his sentence (Doc. 44) is denied. The Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability. The Clerk of the Court is directed to close Civil Case No. 1:15-CV-00311.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

_____
    HON. MICHAEL A. TELESCA
    United States District Judge

Dated:     January 19, 2017
           Rochester, New York.

4